**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1622**

———————

MEIQIN CHEN,

  Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

  Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: October 22, 2013      Decided: November 21, 2013

———————

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

———————

Dismissed in part; denied in part by unpublished per curiam opinion.

———————

Meiqin Chen, Petitioner Pro Se. Laura M.L. Maroldy, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meiqin Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the Immigration Judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Chen first challenges the finding below that no exception applied to excuse the untimely filing of her asylum application. Under 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum, or has established changed or extraordinary circumstances justifying waiver of that time limit, is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) provides that nothing in "any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, our

2

review of the issue is not authorized by § 1252(a)(2)(D)." Id. Because Chen fails to raise any such issues, we lack jurisdiction to review this finding. We therefore dismiss the petition for review of Chen's asylum claim.

Next, Chen disputes the conclusion that she failed to qualify for the relief of withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (internal quotation marks omitted). We have reviewed the record and conclude that substantial evidence supports the agency's determination that Chen failed to demonstrate past persecution or a clear probability of future persecution. Because the evidence does not compel us to conclude to the contrary, we uphold the denial of relief. See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011), cert. denied, 133 S. Ct. 788 (2012). Finally, we uphold the finding below that Chen did not demonstrate that it is more likely than not that she would be tortured if removed to China so as to qualify for protection under the Convention Against Torture. See 8 C.F.R. § 1208.16(c)(2).

3

We accordingly dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>DENIED IN PART</u>